# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**Civil Case Number:** 6:17-cv-78-Orl-37-GJK

| | |
|---|---|
| James Bradford, | : |
| Plaintiff, | : |
| vs. | : |
| One Main Financial Services, Inc.; and DOES 1-10, inclusive, | : |
| Defendants. | : |

## COMPLAINT

For this Complaint, the Plaintiff, James Bradford, by undersigned counsel, states as follows:

## JURISDICTION

1.   This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

2.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.   The Plaintiff, James Bradford ("Plaintiff"), is an adult individual residing in Orlando, FL, and is a "person" as defined by 47 U.S.C. § 153(39).

4.   The Defendant, One Main Financial Services, Inc. ("One Main"), is a Maryland business entity with an address of 300 Street Paul Place, Baltimore, Maryland, 21202, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by One Main and whose identities are currently unknown to the Plaintiff. One Main or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. One at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, One Main began placing calls to Plaintiff's cellular telephone, number 321-xxx-3627, in an attempt to collect a consumer debt allegedly owed by Plaintiff.

8. One Main placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

9. In or around June 24, 2016, Plaintiff mailed a cease and desist letter to One Main.

10. Nevertheless, One Main continued to place automated calls to Plaintiff.

11. One Main's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

## COUNT I

## VIOLATIONS OF THE TCPA –

## 47 U.S.C. § 227, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. Defendants' telephone systems have some earmarks of a Predictive Dialer.

16. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Defendants contacted Plaintiff by means of automatic telephone calls his cellular telephone knowing that it lacked consent to call his number in light of him revoking consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by the Defendants was assigned to a serviced cellular telephone for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

20. The calls from the Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 12, 2017

Respectfully submitted,

By /s/ Stan Maslona

Stan Maslona, Esq.
Lemberg Law, LLC
Bar No: 86128
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
smaslona@lemberglaw.com